**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EAST VILLAGE SHOE REPAIR, LLC,
BORIS ZUBOROV, an individual, and
MARK M. KRATTER, an individual,

Plaintiffs,

v.

THE UNITED STATES COPYRIGHT OFFICE; and SHIRA PERLMUTTER, in her official capacity as Register of Copyright,

Defendants.

Civil Action No. 26-02095-AHA

Judge Amir H. Ali

**PRE-MOTION STATEMENT**

Pursuant to the Court's June 23, 2026 Minute Order, Defendants (the Office or Defendants), submit its pre-motion statement. The Office intends to move for full dismissal of the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief can be granted. All four Counts of the Complaint should be dismissed for the following two reasons. First, Counts One, Two, and Three fail to identify a reviewable cause of action under 5 U.S.C. § 704 of the Administrative Procedures Act (APA) because the actions identified in the Complaint are not final agency actions. Second, the allegations supporting Counts Three and Four are conclusory and do not state facts sufficient to state a claim upon which relief may be granted.

**FACTUAL BACKGROUND**

On June 12, 2026, Plaintiffs, East Village Shoe Repair, LLC (EVSR), Boris Zuborov, an individual, and Mark M. Kratter, an individual, filed the Complaint against the Office.[1] *See* Dkt.

[1] According to public records, EVSR is not recognized as a corporate entity under New York law. *See* N.Y. Dep't of State, Corps. and Bus. Entity Database, https://apps.dos.ny.gov/

1. The Complaint is directed at the Office's refusal to grant EVSR and Mr. Zuborov's application for copyright registration. *See id.* ¶¶ 9, 15-17. On January 14, 2025, the Office issued its Initial Refusal. *See* Dkt. 1-1 at 130-34. On April 21, 2025, EVSR and Mr. Zuborov submitted a First Request for Reconsideration. *See id.* at 135; *see also* Dkt. 1 ¶ 18. On September 16, 2025, the Office issued its Response to Plaintiffs' First Request for Reconsideration (Second Refusal), affirming the Initial Refusal. *See* Dkt. 1-1 at 135-43. On October 27, 2025, EVSR and Mr. Zuborov (with Mr. Kratter serving as their counsel) submitted a Second Request for Reconsideration. *See* Dkt. 1 ¶ 6; Dkt. 1-1 at 3-128. The Second Request for Reconsideration remains pending before the Office's Review Board. *See* Dkt. 1 ¶ 6.

The Complaint alleges that the Office's Second Refusal is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of 5 U.S.C. § 706(2)(A), and that the Office's failure "to act on Plaintiffs' Second Request for Reconsideration for more than seven months" constitutes "unreasonabl[e] delay[]," in violation of 5 U.S.C. § 706(1) and 5 U.S.C. § 555(b). Dkt. 1 ¶¶ 28-37.

## LEGAL STANDARD

Section 704 of the APA provides, *inter alia*, that "final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. The determination of "'final agency action' within the meaning of the APA [is a] threshold question[]; if [this] requirement[ ] [is] not met, the action is not reviewable." *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.,* 460 F.3d 13, 18 (D.C. Cir. 2006). "Dismissal on the ground

publicInquiry/; *see also* Dkt. 1 ¶ 7 (EVSR "has not yet appeared" in this action). Further, pursuant to ¶ 9 of the Complaint, Mr. Kratter "acquired a one-third (1/3) undivided ownership interest in the Works by written assignment after the original copyright application was filed." Dkt. 1 ¶¶ 9, 15. Therefore, the Office reserves its right to challenge EVSR and Mr. Kratter's standing.

of no final agency action under the APA is properly sought under Rule 12(b)(6)." *Jicarilla Apache Nat'l v. U.S. Dep't of Interior*, 648 F. Supp. 2d 140, 143 (D.D.C. 2009) (citing *Fund for Animals, Inc.*, 460 F.3d at 18 n.4); *see also Perry v. U.S. Dep't of Educ.*, No. 20-CV-2003, 2021 WL 289358, at *2 (D.D.C. Jan. 28, 2021) ("Absent facts sufficient to allege a final agency action, a complaint will be dismissed for failure to state a claim.").

The Supreme Court has identified two conditions that "must be satisfied for agency action to be 'final'" for purposes of judicial review under the APA. *Bennett v. Spear*, 520 U.S. 154, 177 (1997). "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature." *Id.* at 177–78 (quoting *Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)). "[S]econd, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett*, 520 U.S. at 178 (quoting *Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)).

Further, pursuant to § 706 of the APA, a reviewing court may, *inter alia*, "(1) compel agency action unlawfully withheld or unreasonably delayed" and "(2) hold unlawful and set aside agency action, findings, and conclusions found to be [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Additionally, § 555(b) of the APA requires that agencies "within a reasonable time . . . proceed to conclude a matter before it." APA Sections 555(b) and 706(1) "authorize[] a court to 'compel agency action . . . unreasonably delayed'" and "give courts authority to review ongoing agency proceedings to ensure that they resolve the questions in issue within a reasonable time." *Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 32 (D.C. Cir. 1984) (internal citations omitted).

To evaluate whether an agency's action or inaction is "unreasonably delayed" or not

"within a reasonable time," the Court applies the six-factor test from *Telecommunications Research & Action Center (TRAC) v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). The six *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the Court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the Court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* (internal quotations and citations omitted). "[T]he majority of authority demonstrates that it is appropriate to apply the *TRAC* factors at the motion to dismiss stage." *Mottahedan v. Oudkirk*, No. 23-3486 (CKK), 2024 WL 124750, *3 (D.D.C. Jan. 11, 2024) (collecting cases). In this district, Courts have found that in reviewing a motion to dismiss, the Court is "'not determining whether there has been an unreasonable delay; rather, it is determining whether plaintiffs' complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay,'" *id.* (quoting *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-00397 (ABJ), 2020 WL 1308376, at *7 n.6 (D.D.C. Mar. 19, 2020)), therefore, "it is appropriate for the Court to apply the factors at this stage," *Ghadami*, 2020 WL 1308376, at *7 n.6. While no one factor is dispositive, the fourth factor "carries the greatest weight in many cases." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020).

## SUMMARY OF ARGUMENT

Counts One, Two, and Three of the Complaint are directed at the Office's Second Refusal and a claim that the Office's decision violates § 706(2)(A) because it is "arbitrary,

capricious, . . . not in accordance with law," and "[f]ail[s] to [c]onsider [i]mportant [a]spect[s] of the [p]roblem." Dkt. 1 ¶¶ 28-33. However, the Office's Second Refusal is not a final agency action and therefore is not subject to judicial review. *See, e.g.*, *Bennett*, 520 U.S. at 177; *see also* 37 C.F.R. § 202.5(g) ("A decision by the Review Board in response to a second request for reconsideration constitutes final agency action."). As Plaintiffs acknowledge, their Second Request for Reconsideration remains pending before the Office's Review Board. *See* Dkt. 1 ¶ 6; *see also* Dkt. 15 at 1. Therefore, Counts One, Two, and Three of the Complaint must be dismissed. Count Three also fails to allege facts supporting Plaintiffs' claim that the Office did not consider an "important aspect of the problem." Dkt. 1 ¶ 33.

Count Four of the Complaint claims that the Office "has failed to act on Plaintiffs' Second Request for Reconsideration for more than seven months" and concludes that the Office's "failure to act constitutes agency action 'unlawfully withheld or unreasonably delayed' within the meaning of 5 U.S.C. § 760(1)." Dkt. 1 ¶¶ 35-36 (additionally citing 5 U.S.C. § 555(b)). The Complaint further states that *TRAC* "[f]actors (1), (2), (5), and (6) all weigh heavily in Plaintiffs' favor." Dkt. 1 ¶ 22. These allegations, however, are conclusory statements and legal conclusions which "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and fail to state a claim. The Complaint does not "allege[] facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami*, 2020 WL 1308376, at *7 n.6. Further, while the Complaint does not address the fourth *TRAC* factor, the Court may deny relief "where a judicial order putting [the plaintiff] at the head of the queue would simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (internal quotations and citations omitted). As such, Count Four of the Complaint should be dismissed.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: jenna.e.munnelly@usdoj.gov
Telephone: (202) 616-1061
*Attorneys for the Defendants*

EMILY L. CHAPUIS
General Counsel and
Associate Register of Copyrights
JOHN R. RILEY
Deputy General Counsel
U.S. COPYRIGHT OFFICE

Dated: September 8, 2026

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2026, a true copy of the foregoing **PRE-MOTION STATEMENT** was e-filed with the Court, via the Court's CM/ECF software, and that a copy was mailed this same day to Plaintiff as follows:

BORIS ZUBROV
1073 Broadway
Brooklyn, NY 11222

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Telephone: (202) 616-1061