**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EAST VILLAGE SHOE REPAIR, LLC;**<br>**BORIS ZUBOREV, an individual; and**<br>**MARK M. KRATTER, an individual,**<br>***Plaintiffs,***<br>**v.**<br>**UNITED STATES COPYRIGHT OFFICE; and SHIRA PERLMUTTER,**<br>**in her official capacity as Register of Copyrights,**<br>***Defendants.*** | **Civil Action**<br>**No. 1:26-cv-02095-AHA**<br><br>**September 8, 2026** |

---

**PLAINTIFFS' RESPONSIVE PRE-MOTION STATEMENT**

Plaintiff, Mark M. Kratter, respectfully submits this responsive premotion statement pursuant to the Court's June 23, 2026 Minute Order.

Defendants intend to move for full dismissal under Rule 12(b)(6). Plaintiffs oppose dismissal in full. Defendants' anticipated arguments mischaracterize the Complaint, misapply the APA's final-agency-action doctrine, and disregard the detailed factual allegations supporting Plaintiffs' unreasonable-delay claim.

Defendants' suggestion that East Village Shoe Repair, LLC ("EVSR") is not recognized as a corporate entity under New York law has no bearing on the viability of this action. The Complaint expressly alleges that EVSR will not prosecute the case pro se and will appear through counsel if necessary, and Plaintiffs do not rely on EVSR's status to establish standing. Standing is independently satisfied by the two individual plaintiffs: Mr. Zuborev, the original applicant of record who submitted the copyright application and pursued both reconsideration requests, and Mr. Kratter, a one-third beneficial owner of exclusive rights under 17 U.S.C. § 501(b). Defendants' premotion statement does not dispute that both individuals possess Article

III standing. Because Counts I–IV are fully supported by the individual plaintiffs' injuries, causation, and redressability, any alleged defect in EVSR's corporate status is immaterial at the Rule 12 stage and provides no basis for dismissal.

## I. COUNTS I–III ARE REVIEWABLE BECAUSE THEY CHALLENGE FINAL AGENCY ACTION

Defendants argue that Counts I–III must be dismissed because the Office's Second Refusal is not final agency action. This argument misstates the Complaint. Counts I–III challenge the **First Reconsideration Decision**, issued April 21, 2025, which constitutes final agency action under 37 C.F.R. § 202.5(g).

The Complaint expressly alleges:

"The Copyright Office's Board of Appeals issued its First Reconsideration Decision on April 21, 2025, which constitutes the final agency action for purposes of Counts I through III." (Compl. ¶ 6.)

Defendants do not dispute that the First Reconsideration Decision is final. Because Counts I–III challenge a consummated agency decision with legal consequences, they fall squarely within 5 U.S.C. § 704 and are reviewable.

## II. COUNTS I–III STATE PLAUSIBLE CLAIMS UNDER § 706(2)(A)

The Complaint alleges detailed facts showing that the First Reconsideration Decision was arbitrary, capricious, and contrary to law, including: the Board expressly found separability under *Star Athletica* but denied registration for lack of originality (Compl. ¶¶ 18–20); the Board applied an originality standard inconsistent with *Feist* and *Bleistein* (Compl. ¶¶ 19–20, 30(b)); the Board failed to conduct the second prong of the *Star Athletica* test (Compl. ¶¶ 19–20, 30(c));

and the Board failed to articulate any reasoned basis for its originality determination (Compl. ¶ 30(d)).

These allegations are factual, not conclusory, and must be accepted as true at the Rule 12 stage. They easily satisfy the plausibility standard under *Iqbal* and *State Farm*.

## III. COUNT IV STATES A PLAUSIBLE CLAIM FOR UNREASONABLE DELAY UNDER § 706(1)

Defendants argue that Plaintiffs' unreasonable-delay allegations are conclusory. The Complaint alleges **specific, concrete facts**, including: the Second Request has been pending since October 27, 2025 (Compl. ¶ 22); the Review Board's publicly available database shows a **four-to-five-year processing cycle** for Second Requests (Compl. ¶ 22); four comparator cases are identified by name, filing date, and decision date, demonstrating delays of 4.2 to 4.9 years (Compl. ¶ 22); and Plaintiffs allege specific prejudice, including inability to enforce rights, inability to license, inability to recover statutory damages, and competitive harm (Compl. ¶¶ 24–26).

These allegations directly satisfy TRAC factors (1), (2), (5), and (6). Courts routinely hold that such fact-specific allegations state a plausible claim for unreasonable delay at the motion-to-dismiss stage.

Defendants' reliance on the "queue-jumping" principle from *Mashpee Wampanoag* is misplaced. Plaintiffs do not seek preferential treatment; they seek compliance with the APA's requirement that agencies act within a reasonable time.

## IV. AVAILABILITY FOR PREMOTION CONFERENCE

Plaintiffs are available for a premotion conference during the following one-hour windows:

**Wednesday:** • 2:00–3:00 PM • 3:00–4:00 PM

**Thursday:** • 2:00–3:00 PM

Plaintiffs prefer a **Zoom conference as they are out of state from the Court**.

## V. PROPOSED BRIEFING SCHEDULE

Plaintiffs propose the following schedule:

Defendants' Motion to Dismiss: 14 days after the premotion conference;

Plaintiffs' Opposition: 5 days after Defendants' motion (Only need 2 days); and

Defendants' Reply: 14 days after Plaintiffs' opposition.

## CONCLUSION

Counts I–III challenge final agency action and state plausible claims under § 706(2)(A). Count IV alleges detailed facts supporting a plausible claim of unreasonable delay under § 706(1). Plaintiffs therefore oppose dismissal in full and request that the Court set a premotion conference pursuant to the Minute Order.

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2026, I caused a true and correct copy of the foregoing **Plaintiffs' Responsive Pre-Motion Statement** to be served on the following Defendants, in accordance with Federal Rule of Civil Procedure 4(i):

**Civil Process Clerk** United States Attorney's Office District of Columbia 555 Fourth Street NW Washington, DC 20530

**Attorney General of the United States** U.S. Department of Justice 950 Pennsylvania Avenue NW Washington, DC 20530

**United States Copyright Office** 101 Independence Avenue SE Washington, DC 20559

**Shira Perlmutter, Register of Copyrights** United States Copyright Office 101 Independence Avenue SE Washington, DC 20559

Because Defendants are represented by counsel and participate in CM/ECF, electronic service will be effected automatically through the Court's filing system.

**Mark M. Kratter**

/s/ Mark M. Kratter
Plaintiff, Pro Se
71 East Avenue, Suite K
Norwalk, CT 06851
203-853-2312
Laws4ct@aol.com

Dated: September 9, 2026